IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| KROHNE FUND LP,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STUART M. SIMONSEN, and KAPIDYIA CAPITAL PARTNERS, LLC.<br><br>　　　　Defendants. | CV 12-04-BLG-RFC<br><br><br>ORDER ON PARTIAL MOTION TO DISMISS |

Presently before the Court is Defendants Simonsen and Kapidyia's ("Simonsen") Partial Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). In bringing the motion, Defendants contends that Plaintiff's present claims fail to state a claim upon which relief may be granted: (1) under Count I - the Investment

Advisers Act; (2) under Count IV - Fraud; and (3) under Count V - the Montana Unfair Trade Practices Act.  Plaintiff opposes the motion.

Defendants present motion to dismiss is based on Plaintiff's original Complaint.  Since then, Plaintiff has filed an Amended Complaint.  *See Doc# 6.*  Some of the relevant counts have been renamed.

BACKGROUND

Plaintiff Krohne Fund LP ("Krohne"), through its manager, Axel Krohne, engaged Defendants to manage its financial investments.  This decision was based on Defendants' Optimus trading software.  Defendants allegedly represented to Krohne that its software would create profit on Krohne's investment.

Defendants allegedly assured Krohne that his investment would remain invested within the Optimus program's algorithm and that the program could be set to the degree of risk that Plaintiff was willing to undertake.

On August 15, 2011, Krohne signed a Managed Account Agreement with Defendants.  The Agreement provided Defendant Kapidyia with discretionary authority to buy and sell securities on Plaintiff's behalf, subject to an agreed upon risk ratio or amount.   As part of the Agreement, Defendants would charge Krohne a management fee and a performance fee.  On August 18, 2011, Plaintiff

wired $2,056,543 to R.J. O'Brien brokerage for the purposes of trading in Defendants' Optimus program.

On September 1, 2011, Plaintiff's Optimus account showed a profit of $242,699. On September 29, 2011, Plaintiff's Optimus account showed a loss of $657,627. Plaintiff allegedly subsequently performed a "backtest" and simulated the Optimus trades during the loss period and could only verify a loss of just over $220,000. When questioned by Plaintiff regarding the discrepancy in loss, Plaintiff alleges that Defendants could not explain the difference in loss. As a result, on November 30, 2011, Plaintiff withdrew his funds from trading in Optimus.

Plaintiff's Amended Complaint alleges: Count I - Fraud and Deception, Federal Securities Laws; Count II - Breach of Written Contract as to Defendant Kapidyia; Count III - Promissory Estoppel as to Defendant Simonsen; Count IV - Fraud and Constructive Fraud; Count V - Negligent Misrepresentation; Count VI - Constructive Trust; and Count VII - Punitive Damages.

## STANDARD OF REVIEW

A Rule 12(b)(6) dismissal may be based on either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

theory." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008). In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Johnson*, 534 F.3d at 1122. "Specific facts are not necessary; the statement need only give the defendant [s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Every complaint must, at a minimum, plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Weber v. Dept. of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). Facts which are alleged in the complaint are presumed true, and the Court must construe them and draw all reasonable inferences from them in favor of the plaintiff. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

Nevertheless, and in spite of the deference the Court is bound to pay to any factual allegations made, it is not proper for the Court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Nor must the Court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or those which are "merely conclusory," require "unwarranted deductions" or "unreasonable

inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (amended on other grounds, 275 F.3d 1187 (9th Cir. 2001)); *see also Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations).

DISCUSSION

Defendants seek dismissal of Plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6) on (1) Count I - Fraud and Deception, Federal Securities Laws; (2) Count IV - Fraud; and (3) Count V - the Montana Unfair Trade Practices Act.

Subsequent to Defendants having filed their Partial Motion to Dismiss, Plaintiff amended its Complaint and dropped the claim under the Montana Unfair Trade Practices Act.  Plaintiff having conceded Defendants' argument, Defendants' Partial Motion to Dismiss Plaintiff's claim of a violation the Montana Unfair Trade Practices Act is GRANTED as MOOT.

A.  *Count I - Fraud and Deception, Federal Securities Laws*

Defendants seek dismissal of Plaintiff's claim under 15 U.S.C. § 80b-6 (Section 206 of the Investment Advisor's Act) and deceptive practices under §

10(b) of the Securities and Exchange Act of 1934. Looking first at Section 206, the U.S. Supreme Court in *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11 (1979), held that the Congressional intent in the enactment of Section 206 of the Investment Advisors Act of 1940 did not give rise to a private cause of action for damages. *Id.* at 24. The fact that the expressed language of the entire Act provided no private remedies combined with the silence of the legislative history on the subject persuaded the Court that Congress did not intend that the provision create a private cause of action. *Id.* at 16-24.

In the instant case, it is undisputed that Plaintiff's present action is private in nature. Therefore, the *Transamerica* Court's prohibition of a private action under the Investment Advisors Act applies. Defendants' Partial Motion to Dismiss on this ground is GRANTED.

Next, Defendants contend that Plaintiff's deceptive practices claim under § 10(b) of the Securities and Exchange Act of 1934 should be dismissed. In support, Defendants argue that dismissal is appropriate because Plaintiff's Amended Complaint has not specifically alleged the intent to commit securities fraud.

Section 10(b) of the Securities Exchange Act of 1934 makes unlawful the "use or employ, in connection with the purchase or sale of any security ... any

manipulative or deceptive device or contrivance[.]" 15 U.S.C. § 78j(b).  SEC Rule 10b–5, which implements section 10(b), makes it unlawful "[t]o employ any device, scheme, or artifice to defraud." 17 C.F.R. § 240.10b–5(a).  To succeed in a private securities fraud action, the plaintiff generally must prove five elements: (1) a material misrepresentation or omission of fact; (2) scienter; (3) a connection with the purchase or sale of a security; (4) transaction and loss causation; and (5) economic loss.  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).  Moreover, under the heightened pleading standard of the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u–4(b)(1), complaints alleging misrepresentations or omissions under 10b–5 must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."

   The PSLRA further requires a plaintiff to plead specific facts establishing falsity and a strong inference of scienter. To plead scienter properly under the PSLRA, a plaintiff is required to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2).  *Glazer Capital Management, LP v. Magistri*, 549 F.3d 736,

742-43 (9th Cir. 2008). Such an inference "must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).

In the instant case, Defendants refer the Court to Paragraphs 16-17 of Plaintiff's Amended Complaint regarding Plaintiff's claim under § 10 and argues that Plaintiff's claims "are grounded in Defendants' alleged failure to execute trades in accordance with Optimus programmed instructions"[1] and therefore do not give rise to an intent to defraud under Section 10(b) of the Securities Act.

As noted in Plaintiff's Amended Complaint, Defendants allegedly represented that all transactions would occur within Optimus' then-existing programmed instructions.[2] Moreover, the Amended Complaint alleges that Defendants made a material misrepresentation by arbitrarily departing from Optimus' programming and trading outside the Optimus program.[3]

However, neither Plaintiff's Amended Complaint nor its Response Brief establishes with sufficient particularity, the necessary scienter requirement. Even

---

[1] *Defendants' Reply Brief in Support of Partial Motion to Dismiss Amended Complaint at 4. Doc. # 12.*

[2] *Plaintiff's Amended Complaint, ¶ 16. Doc. # 6.*

[3] *Plaintiff's Amended Complaint, ¶ 17. Doc. # 6.*

assuming, for purposes this motion, that Defendants had traded Plaintiff's securities outside the algorithmic confines of the Optimus program, Plaintiff has failed to plead with particularity why or how this conduct would gives rise to the scienter element.  As scienter is an essential element of a Section 10(b) claim, Plaintiff's failure to plead this element with particularity proves fatal.

For the foregoing reasons, Defendants' Partial Motion to Dismiss Count I is GRANTED.

B.     ***Count IV - Fraud, Constructive Fraud***

Next, Defendant seeks dismissal of Plaintiff's fraud claim on the grounds that Plaintiff's fraud claim has failed to meet the heightened pleading requirements for fraud under Fed.R.Civ.P. 9.

It is well established that, in Montana, there are nine elements to a fraud claim.  *Bartlett v. Allstate Ins. Co.,* 280 Mont. 63, 71(1996)(elements of fraud). Under *Fed.R.Civ.P. 9(b)*, In "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." *Id.*

Contrary to Plaintiff's conclusory arguments and irrelevant citations, where plaintiff's claims are grounded in fraud, the factual allegations supporting such

claim must meet not only the heightened pleading requirements of Rule 9(b), but *Twombly* and *Iqbal's* plausibility standard for Rule 8(a) as well. To survive dismissal, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba–Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir.2003).

After reviewing Paragraphs 22 - 24 of Plaintiff's Amended Complaint as it relates to its fraud claims, this Court finds that, for purposes of a 12(b)(6) motion, Plaintiff has sufficiently met the heightened plead requirements "who, what, when, where, and how" of its fraud claim as to both Defendants.  To the extent Defendants contend that Plaintiff has not alleged an inference of knowledge or intent, this Court finds that a reading of the Amended Complaint makes sufficient general allegations of intent and knowledge.  Unlike the PLSRA's requirement that a plaintiff plead specific facts establishing falsity and a strong inference of scienter, Rule 9(b)  allows for "malice, intent, knowledge and other conditions of a person's mind may be alleged generally."  For the foregoing reasons, Defendants' Partial Motion to Dismiss Count IV- Fraud and Constructive Fraud is DENIED.

CONCLUSION

As reflected above, Defendants' Partial Motion to Dismiss (1) Count I - FRAUD AND DECEPTION, FEDERAL SECURITIES LAWS is GRANTED. Defendants' Partial Motion to Dismiss Count II - FRAUD, CONSTRUCTIVE FRAUD is DENIED.

DATED this 12th day of June, 2012.

/s/ Richard F. Cebull
RICHARD F. CEBULL
U.S. DISTRICT JUDGE