IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

**FILED**

JUL 2 0 2017

Clerk, U.S. District Court
District Of Montana
Helena

KROHNE FUND, LP,

             Plaintiff,

vs.

STUART M. SIMONSEN, and
KAPIDYIA CAPITAL PARTNERS,
LLC,

             Defendants.

No.  CV-12-04-BLG-SEH

**ORDER**

## Background

The Final Pretrial Order filed on December 13, 2013, describes this action
as "a contract, fraud and misrepresentation case that arises out of a relationship
between Plaintiff and Defendants that involved trading commodity securities in a
trading system, Xynaquant, developed by Defendant Simonsen and made available
to public clients through Defendant Kapidyia."[1]  Pending before the Court is
Defendant Simonsen's Motion for Summary Judgment.[2]

---

[1] Doc. 69 at 2.

[2] Doc. 136.

A bench trial was commenced on June 30, 2014.  On July 14, 2014, the

Court issued its Findings of Fact and Conclusions of Law and Judgment that

Defendants were "entitled to dismissal of all claims."[3]  Plaintiff appealed;[4]

Defendants cross-appealed.[5]  On March 9, 2017, the United States Court of

Appeals for the Ninth Circuit vacated in part and affirmed in part this Court's

decision and remanded for further proceedings.[6]  Mandate issued March 31, 2017.[7]

The Ninth Circuit concluded, in part, "the MAA [Managed Account

Agreement] requires that the trades made by the Investment Manager be made

exclusively through the XynaQuant software using the Optimus SLR protocol

unless Krohne Fund agreed otherwise."[8]  The remand directed this Court, *inter

alia*, "to assess Krohne Fund's breach of contract claim in light of [the Ninth

Circuit's] contractual interpretation, including whether Krohne Fund authorized

the manual trades that occurred on its account."[9]  Judgment for Defendants on the

---

[3] Doc. 101 at 14.

[4] Doc. 105.

[5] Doc. 113.

[6] Doc. 121.

[7] Doc. 123.

[8] Doc. 121 at 4.

[9] Doc. 121 at 5.

2

negligent misrepresentation, fraud, and constructive fraud claims "arising from Simonsen or Kapidyia's alleged material omissions" was vacated and remanded for further proceedings in light of the Ninth Circuit's contractual interpretation conclusion.[10]

A status conference to consider disposition of issues on remand and to set a revised pretrial schedule was conducted on April 25, 2017. An Order establishing a briefing schedule for a dispositive summary judgment motion by Defendant Simonsen was entered.[11] Briefing followed. A hearing on the motion was held on July 19, 2017. The matter is ripe for resolution.

## **Claims Against Defendant Simonsen**

The Ninth Circuit's Memorandum refers to the claims for negligent misrepresentation, fraud, and constructive fraud collectively as "deceit claims."[12] The parties also refer broadly to "deceit claims" in briefing the summary judgment issue.[13] Deceit, however, was not among the claims pleaded in the First Amended Complaint or addressed as an issue for trial in the Final Pretrial Order.[14]

---

[10] Doc. 121 at 5.

[11] Doc. 131.

[12] Doc. 121 at 5.

[13] *See* Docs. 137 at 2, 141 at 2.

[14] *See* Docs. 6, 69; the Final Pretrial Order supersedes the pleadings.

3

While "[d]eceit is essentially grounded in fraud," it can be an independent claim brought under Mont. Code Ann. § 27-1-712 and is often asserted in addition to a claim for fraud.[15] "Under Montana law, deceit may be proven if '[o]ne ... willfully deceives another with [the] intent to induce that person to alter the person's position to [his] injury or risk.'"[16] Deceit may also refer to the mental state requirement central to a claim for fraud.[17] On the other hand, deceit is irrelevant as an element of a claim for negligent misrepresentation, which "requires a showing of a failure to use reasonable care or competence in obtaining or communicating . . . information."[18]

As set forth in the Final Pretrial Order, the only remaining claims against Simonsen are: (1) Count IV, Fraud and Constructive Fraud; and (2) Count V, Negligent Misrepresentation.[19] No separate claim for deceit was asserted. The

---

[15] *Pfau v. Mortenson*, 858 F. Supp. 2d 1150, 1158 (D. Mont. 2012); *see also Mont. Merch., Inc. v. Dave's Killer Bread, Inc.*, CV 17-26-GF-BMM, 2017 WL 2536363, at *2-3 (D. Mont. June 9, 2017).

[16] *Pfau*, 858 F. Supp. 2d at 1158 (quoting Mont. Code Ann. § 27-1-712).

[17] *See* 37 C.J.S. *Fraud* § 4 (2017) (stating "[a]ctual fraud implies deceit, artifice, and design, and imports the active operation of the mind[.]")

[18] *Barrett v. Holland & Hart*, 845 P.2d 714, 717 (Mont. 1992) (citing *Batten v. Watts Cycle and Marine, Inc.*, 783 P.2d 378, 381 (Mont. 1989)).

[19] *See* Doc. 69.

4

remaining breach of contract claim upon remand was asserted only against

Kapidyia, not against Simonsen.[20]

Montana law establishing elements of claims for fraud, constructive fraud,

and negligent misrepresentation is well-defined. In this case, all such claims are

subject to dismissal.

To establish a *prima facie* claim for actual fraud, the pleader must show:

> (1) a representation; (2) the falsity of that representation;
> (3) the materiality of the representation; (4) the speaker's
> knowledge of the representation's falsity or ignorance of
> its truth; (5) the speaker's intent that the representation
> should be acted upon by the person and in the manner
> reasonably contemplated; (6) the hearer's ignorance of
> the representation's falsity; (7) the hearer's reliance upon
> the truth of the representation; (8) the hearer's right to
> rely upon the representation; and (9) the hearer's
> consequent and proximate injury or damages caused by
> their reliance on the representation.[21]

A claim for constructive fraud under Mont. Code Ann. § 28-2-406 requires

elements similar to *prima facie* claims of actual fraud, except that "plaintiff 'need

---

[20] *See* Doc. 6 at 9.

[21] *Town of Geraldine v. Mont. Mun. Ins. Auth.*, 198 P.3d 796, 801 (Mont. 2008) (quoting *In re Estate of Kindsfather*, 108 P.3d 487, 490 (Mont. 2005)).

not prove the fifth element relating to intent to deceive or dishonesty of

purpose.'"[22]

Proof of negligent misrepresentation requires:

> a) the defendant made a representation as to *a past* or *existing* material fact;
>
> b) the representation must have been untrue;
>
> c) regardless of its actual belief, the defendant must have made the representations without any reasonable ground for believing it to be true;
>
> d) the representation must have been made with the intent to induce the plaintiff to rely on it;
>
> e) the plaintiff must have been unaware of the falsity of the representation; it must have acted in reliance upon the truth of the representation and it must have been justified in relying upon the representation;
>
> f) the plaintiff, as a result of its reliance, must sustain damage.[23]

The fraud, constructive fraud, and negligent misrepresentation claims as

asserted against Simonsen all fail for lack of any actionable act or omission by

Simonsen. No evidence supports the assertion that Simonsen, who was not a party

---

[22] *Id.* at 801 (quoting *State ex rel. State Compen. Mut. Ins. Fund v. Berg*, 927 P.2d 975, 983 (Mont. 1996)).

[23] *Morrow v. Bank of Am., N.A.*, 324 P.3d 1167, 1180 (Mont. 2014) (quoting *Kitchen Krafters v. Eastside Bank*, 789 P.2d 567, 573 (Mont. 1990), *overruled in part, Busta v. Columbus Hosp.*, 916 P.2d 122, 139 (Mont. 1996)).

to the MAA, affirmatively represented that trades would be made exclusively through the XynaQuant software. Moreover, there is no actionable omission arising from Simonsen's failure to inform Plaintiff that his account would be subject to trading outside the Optimus SLR protocol. Evidence substantiating Simonsen's obligation to disclose such information is entirely lacking.[24]

## **Corporate Shield Doctrine**

Plaintiff's claims against Simonsen for fraud, constructive fraud, and negligent misrepresentation also are barred by the Montana corporate shield doctrine. That doctrine, if applied, shields employees and agents of a corporation "from personal liability for acts taken on behalf of the corporation."[25] Personal liability is the narrow exception to this general rule.[26] "Actions that are 'motivated and taken in the furtherance of corporate purposes, policies and interests' are

---

[24] Defendant Simonsen asserts, *inter alia*, that "[t]here is no evidence showing that Krohne ever asked Simonsen directly whether Krohne Fund's account was being traded manually when it should have been trading algorithmically" (Doc. 138 at ¶ 2). Paragraphs 3, 6, 8, and 9 of Simonsen's Statement of Undisputed Facts (Doc. 138) substantiate that conclusion. Plaintiff's dispute, without support, of paragraph 2 in Plaintiff's Statement of Disputed Facts (Doc. 142) is insufficient to raise a genuine issue of material fact. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000); *see also* Fed. R. Civ. P. 56(e).

[25] *Sherner v. Nat'l Loss Control Servs. Corp.*, 124 P.3d 150, 155 (Mont. 2005) (citing *Phillips v. Mont. Educ. Ass'n*, 610 P.2d 154, 157-58 (Mont. 1980)).

[26] *Id.* (quoting *Crystal Springs Trout Co. v. First State Bank of Froid*, 732 P.2d 819, 823 (Mont. 1987)).

7

usually protected by the corporate shield doctrine."[27]  A corporate agent is
personally liable only if the court finds "'the agent was personally negligent'" or
"'the agent's actions were tortious in nature.'"[28]

The relationship between Simonsen and Kapidyia Capital Partners, an
LLC,[29] is described as:

> Through an employment or other business
> relationship, Simonsen markets his black box and
> manages futures trading investments through it via
> Kapidyia.[30]

The Court's undisputed record at trial established: "Business activities of Kapidya
were conducted by Simonsen, JoAnne Beringer . . . and Anthony Birbilis."[31]  The

---

[27] *Nelson v. Hartford Ins. Co. of the Midwest*, No. CV 11-162-M-DWM, 2012 WL
933214, at *3 (D. Mont. March 20, 2012) (quoting *Phillips*, 610 P.2d at 158).

[28] *Sherner*, 124 P.3d at 155 (quoting *Crystal Springs Trout Co.*, 732 P.2d at 823); *see also*
Mont. Code Ann. § 28-10-702: "A person who assumes to act as an agent is responsible to third
persons as a principal for acts in the course of the agency . . . : (3) when the agent's acts are
wrongful in their nature."

[29] *See* Doc. 6 at 2.  The Montana Supreme Court has recognized that "LLCs provide their
members and managers with 'a corporate-styled liability shield....' *White*, ¶ 34 (citing § 35-8-101,
MCA, *Official Comments* ).  However, this liability shield is not absolute and does not provide
immunity to a member for his own wrongful conduct." *Weaver v. Tri-County Implement, Inc.*,
311 P.3d 808, 811 (Mont. 2013) (quoting *White v. Longley*, 244 P.3d 753, 760-61 (Mont. 2010)).

[30] Doc. 6 at 3.

[31] Doc. 101 at 3.

8

Ninth Circuit similarly concluded: "Kapidyia Capital Partners, LLC . . . marketed XynaQuant."[32]

The remaining claims against Simonsen are premised solely on Simonsen's conduct as the developer of the XynaQuant software and Optimus SLR protocol. That technology was central to Plaintiff's investment account which was managed by Kapidyia under the terms of the MAA.

The fraud, constructive fraud, and negligent misrepresentation claims all arise from asserted "specific representations about Optimus, including that Krohne's account would be traded only on its existing instructions and about its past results for investors."[33]  However, any representation made by Simonsen would have been within the scope of his agency or employment relationship with Kapidyia as the entity marketing the Optimus technology and designated as the Investment Manager[34] for Plaintiff's account and for a corporate purpose.  The record is void of evidence or argument that Simonsen was personally negligent or otherwise acted tortiously.

---

[32] Doc. 121 at 2.

[33] Doc. 6 at 10-11; *see also* Doc. 6 at 12.

[34] *See* Doc. 1-1 at 2.

## Conclusion

Simonsen is entitled to judgment on Plaintiff's claims of fraud, constructive fraud, and negligent misrepresentation.

ORDERED:

Stuart M. Simonsen's Motion for Summary Judgment[35] is GRANTED.

DATED this _20th_ day of July, 2017.


_[signature]_

SAM E. HADDON
United States District Judge

---

[35] Doc. 136.